UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAIME ZERMENO, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| CICERO POLICE OFFICERS AARON | ) | Magistrate |
| AGUAYO and RAUL TORRES and | ) | |
| TOWN OF CICERO, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code, 28 U.S.C. §§ 1331 and 1343(a); and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

**PARTIES**

2. Plaintiff, Jaime Zermeno (hereinafter referred to as Plaintiff), is an Hispanic resident of Cicero, Illinois.

3. At all relevant times herein, Defendant, Aaron Aguayo (hereinafter referred to as Aguayo), was a duly appointed sworn police officer with the Defendant Town of Cicero, was acting under color of state law, ordinance and/or regulation, and is sued in his individual capacity.

4. At all relevant times herein, Defendant, Raul Torres (hereinafter referred to as Torres), was a duly appointed sworn police officer with the Defendant Town of Cicero, was acting under color of state law, ordinance and/or regulation, and is sued in his individual capacity.

5. At all relevant times herein, Defendant, Town of Cicero, was a municipal corporation, duly incorporated under the laws of the State of Illinois and was the employer and principal of the Defendant police officers Aguayo and Torres.

**FACTS**

6. On September 18, 2020, the Plaintiff was home in his residence in Cicero, Illinois when the Defendants Aguayo and Torres entered his home, confronted him, and in an effort to arrest the Plaintiff restrained and began to handcuff him.

7. During the effort to handcuff the Plaintiff, Defendant Aguayo struck the Plaintiff about his body with several "knee strikes".

8. The Plaintiff, to avoid further knee strikes and physical injury, exited his home through the front door, and he was pursued by Defendants Aguayo and Torres.

9. Once outside and on his front lawn, the Plaintiff was forced to the ground by Defendants Aguayo and Torres and then was struck repeatedly by Defendants Aguayo and Torres with further "knee strikes" and kicks to and about the Plaintiff's head, face, and body.

10. Plaintiff was then handcuffed by Defendants Aguayo and Torres and transported to the Cicero Police Department.

11. Plaintiff, upon his release from custody, sought and obtained medical treatment for the injuries that he sustained as a result of the knee strikes and kicks from Defendants Aguayo and Torres.

12. As a direct and proximate result of the actions of the Defendants Aguayo and Torres, as detailed above, Plaintiff suffered bodily injury, pain and suffering, extreme mental distress, anguish and humiliation, and was forced to seek medical attention and incur medical bills and costs.

## COUNT I
### [42 U.S.C. § 1983 Claim for Excessive Force/Failure to Intervene]

13. Plaintiff realleges paragraphs 1 through 12.

14. The acts of Defendants Aguayo and Torres physically striking Plaintiff and/or failing to prevent such physical abuse violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution and thus violated 42 U.S.C. § 1983.

15. The actions of Defendants Aguayo and Torres were the direct and proximate cause of the violation of Plaintiff's Fourth Amendment rights, his injuries, mental suffering, anguish, and humiliation, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff demands compensatory damages against Defendants Aguayo and Torres, and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### [State Law Claim for Battery]

16. Plaintiff realleges paragraphs 1 through 12.

17. The acts of Defendants Aguayo and Torres as set forth above constitute battery under the laws of the State of Illinois. Further, such acts directly and proximately caused Plaintiff's injuries, pain and suffering, and severe emotional distress as alleged above.

WHEREFORE, Plaintiff seeks compensatory damages against Defendants Aguayo and Torres. Additionally, because Defendants Aguayo and Torres acted maliciously, willfully, wantonly, or oppressively, Plaintiff demands punitive damages from Defendants Aguayo and Torres. Plaintiff also demands costs and whatever additional relief this Court deems equitable and just.

## COUNT III
### [State Law Claim for Intentional Infliction of Emotional Distress]

18. Plaintiff realleges paragraphs 1 through 17.

19. The conduct and actions of Defendants Aguayo and Torres, as set forth above, were extreme and outrageous, were done intentionally, willfully and wantonly, and/or knowing there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

20. As a direct and proximate result of Defendants Aguayo and Torres' extreme and outrageous conduct, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois State law.

WHEREFORE, Plaintiff demands compensatory damages against Defendants Aguayo and Torres plus the costs of this action and such other additional relief as this court deems just.

## COUNT IV
### [Claim for *Respondeat Superior* Against Defendant Town of Cicero]

21. Plaintiff realleges paragraphs 1 through 12 and paragraphs 16 through 20.

22. Defendants Aguayo and Torres were, at all times material to this complaint, employees and agents of the Defendant, Town of Cicero, were acting within the scope of their employment, and their acts which violated state law are directly chargeable to the Defendant, Town of Cicero, under the state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff demands judgment for compensatory damages against the Defendant, Town of Cicero, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT V
### [745 ILCS 10/9-102 Claim Against Defendant, Town of Cicero]

23. Plaintiff realleges paragraphs 1 through 22.

24. At all relevant times herein, the Defendant, Town of Cicero, was the employer of Defendants Aguayo and Torres.

25. The Defendants Aguayo and Torres committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant, Town of Cicero.

WHEREFORE, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant, Town of Cicero, in the amounts awarded to the Plaintiff against Defendants Aguayo

and Torres and/or for any settlement entered into between the Plaintiff and Defendants Aguayo and Torres and for whatever additional relief this Court deems equitable and just.

Dated: September 13, 2021            Respectfully submitted,

                                               Raymond P. Garza
                                               Attorney No.: 0921750
                                               Law Office of Raymond P. Garza
                                               7220 W. 194th Street, #109
                                               Tinley Park, IL 60487
                                               (708) 481-0008

                                               Attorney for Plaintiff

                                               **Plaintiff demands trial by jury**